UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAMON J. SAPP,

    Plaintiff,

vs.

M. LALOR, B. WOO, K. EDISON, V. ETCHEBER, D. NASTARI, C. FABRI, T. BOES, B. PEAGLER, Inspector HOLLORAN, P. BERMUEZ, L. LARGAREJOS, V. JACKSON, and JOHN DOES,

    Defendants.

No. C 11-5120 PJH (PR)

**ORDER FOR PLAINTIFF TO SHOW CAUSE**

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis. Plaintiff contends that defendants, all law enforcement officers, conspired to kill him. They encountered him at a gas station in Oakland, where he says they fired on him, "shooting him down." He asserts that defendants stood over him firing, although he was lying on the ground and unarmed. He says that he was shot approximately forty times, and lost his left leg as a result.

Plaintiff had a previous lawsuit in this court involving the medical care he received after the shooting. It was settled and judgments dismissing the claims with prejudice were entered. *See Sapp v. County of Alameda*, No. C 03-1066 PJH (Aug. 29, 2006; Dec. 21, 2006). The complaint in that case, as well as the opinion of the California Court of Appeal in the direct appeal of plaintiff's conviction, show that his apprehension and the shooting about which he complains occurred in 2002. *See id.,* Compl. at 12-13; *People v. Sapp*, No. A113730, 2007 WL 2181900 at *1.

The statute of limitations applicable to the present claim probably is four years, *see* Cal. Civ. Proc. Code § 335.1 (residual limitations period is two years); Cal. Civ. Proc. Code § 352.1(a) (tolling of up to two years for disability of imprisonment), and the claim probably accrued when plaintiff was shot, *see TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999) (claim generally accrues when plaintiff knows or has reason to know of injury that is basis of action). It thus appears from judicially noticeable facts that this complaint may be barred by the statute of limitations. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (federal district courts may "take [judicial] notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue.").

Plaintiff shall show cause within thirty days of the date this order is entered why the case should not be dismissed as barred by the statute of limitations. If he does not respond, or if he is unable to show that the complaint is not barred, the case will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: December 8, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\SAPP5120.OSC-P.wpd